1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

P. JEFFREY BLACK,

                Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                Defendant.

2:10-CV-2040 JCM (VCF)

**ORDER**

Presently before the court is *pro se* plaintiff Jeffrey Black's motion for summary judgment. (Doc. #24). Defendant the United States Department of Homeland Security ("United States") filed an opposition. (Doc. #33). Plaintiff then filed a reply. (Doc. #36). Also before the court is the United States' cross motion for summary judgment. (Doc. #34). Plaintiff filed an opposition (doc. #37), to which the United States filed a reply (doc. #38).

Plaintiff brought this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, case to seek a report of investigation ("ROI") and related records that Immigration and Customs Enforcement's ("ICE") Office of Professional Responsibility ("OPR") prepared in response to a complaint filed by plaintiff. Plaintiff's complaint accused his supervisors at the Federal Air Marshal Service of misconduct.

Plaintiff filed his first FOIA request on October 4, 2007, seeking records related to OPR's investigation of his complaint. On November 7, 2007, ICE informed plaintiff that it had located 575

**James C. Mahan**
**U.S. District Judge**

pages of responsive records. ICE produced 14 of these records in their entirety and 6 of these records in part to plaintiff. ICE withheld the remainder of the records, citing FOIA exemptions 6 and 7(C).

On December 7, 2009, plaintiff filed a second FOIA request, which sought similar information to the first FOIA request. ICE conducted a search for responsive records, and located 7 analog tapes, 3,316 pages of physical records, and 14 compact disks. Plaintiff filed the instant lawsuit while ICE was reviewing these records. ICE ultimately determined that it could release 273 of the records in full and 221 with redactions. ICE withheld the remainder of the records pursuant to FOIA exemptions 6, 7(C), and 7(E).

## Summary judgment standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *T.W. Elec. Serv.*, *Inc. v. Pacific Elec. Contractors Assn*., 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec*., 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc*., 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56(c).

. . .

James C. Mahan
U.S. District Judge

**Plaintiff's motion for summary judgment (doc. #24)**

In a summary judgment motion, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility . . . ." *Id.* (internal citations omitted). Unauthenticated documents "cannot be considered in a motion for summary judgment." *Id.*

In the case at bar, the United States objects to the evidence plaintiff submitted in support of his motion for summary judgment. (Doc. #33). Specifically, the United States notes that plaintiff has not authenticated this evidence. (Doc. #33).

In fact, plaintiff has not authenticated the evidence supporting his motion for summary judgment. (*See* Doc. #24). Without properly authenticated supporting evidence, the court cannot consider the instant motion for summary judgment. *See Orr*, 285 F.3d at 773. Accordingly, plaintiff's motion for summary judgment is denied.

**United States' cross motion for summary judgment (doc. #34)**

FOIA "seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989) (quoting *EPA v. Mink*, 410 U.S. 73, 80 (1973)). The basic purpose of FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Id.* at 152.

The act "contains nine exemptions . . . which a government agency may invoke to protect certain documents from public disclosure." *Minier v. Central Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996). A district court "only has jurisdiction to compel an agency to disclose improperly withheld agency records." *Id.* at 803. In other words, the district court only has jurisdiction to compel disclosure of records that do not fall within an exemption. *Id.*

**James C. Mahan**
**U.S. District Judge**

1    FOIA cases are generally addressed through motions for summary judgment under Federal

2    Rule of Civil Procedure 56.  *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993).  Pursuant to 5

3    U.S.C. § 552(a)(4)(B), the district court reviews the matter de novo to determine whether the

4    information was properly withheld under one of the nine statutory exemptions.  "The agency

5    resisting disclosure of requested information has the burden of proving the applicability of an

6    exemption."  *Minier*, 88 F.3d at 800.  The agency may meet this burden "by submitting a detailed

7    affidavit showing that the information 'logically falls within one of the claimed exemptions.'"  *Id.*

8    **I.    Exemption 7: records compiled for law enforcement purposes**

9    Here, the United States has withheld the requested information pursuant to exemptions 7(C)

10   and 7(E).

11   Any record withheld pursuant to exemption 7 must have been "compiled for law enforcement

12   purposes."  *Rosenfeld v. United Stated Dept. of Justice*, 57 F.3d 803, 808 (9th Cir. 1995).  The

13   government's burden under exemption 7 "is easier to satisfy than the burden for other" exemptions.

14   *Id.*

15   An agency's investigation of its own employees is for law enforcement purposes "if it focuses

16   directly on specifically alleged illegal acts, illegal acts of particular identified officials, acts which

17   could, if proved, result in civil or criminal sanctions."  *Kimberlin v. Department of Justice*, 139 F.3d

18   944, 947 (D.C. Cir. 1998) (internal quotations omitted); *see also Church of Scientology of California*

19   *v. United States Department of Army*, 611 F.2d 738, 748 (9th Cir. 1979).  The United States must

20   establish a "rational nexus" between the agency's law enforcement duties and the document for

21   which the exemption is claimed.  *Church of Scientology of California*, 611 F.2d at 748.  Internal

22   agency investigations conducted with the purpose of supervising an agency's own employees do not

23   give rise to an exemption under 5 U.S.C. § 552(b)(7).  *Kimberlin*, 139 F.3d at 947.

24   In the instant case, the United States has not met its burden of establishing a "rational nexus"

25   between the agency's law enforcement duties and the withheld documents.  *See Church of*

26   *Scientology of California*, 611 F.2d at 748.  The United States points the court to the declaration of

27   Ryan Law, a deputy FOIA officer at ICE, asserting that this declaration demonstrates that the OPR

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    records are law enforcement records.  (Doc. #34).

2    　　　　The Law declaration notes that OPR investigates "allegations of misconduct that, if true

3    would constitute violations of state or federal criminal law; or allegations of misconduct that, if true,

4    would jeopardize or undermine the agency's ability to perform its mission." (Doc. #15, Ex. 1, ¶ 8).

5    The declaration later asserts in a conclusory fashion that the records were withheld pursuant to

6    exemption 7 because the records involved a law enforcement investigation.  (Doc. #15, Ex. 1, ¶¶ 39-

7    40).  The declaration does not discuss: (1) the underlying OPR investigation to show that the

8    investigation was conducted pursuant to OPR's law enforcement duties, or (2) how ICE determined

9    that the underlying investigation was for law enforcement purposes.  (Doc. #15, Ex. 1).

10   　　　　This declaration is not sufficiently detailed to demonstrate a rational nexus between the

11   agency's law enforcement duties and the withheld documents.  *See Minier*, 88 F.3d at 800 (stating

12   that the United States may meet its burden "by submitting a detailed affidavit showing that the

13   information logically falls within one of the claimed exemptions"); *Church of Scientology of*

14   *California*, 611 F.2d at 748.  The declaration does not make any effort to show that the OPR

15   investigation was conducted pursuant to OPR's duty to investigate allegations of misconduct which

16   would constitute violations of state or federal criminal law.  (Doc. #15, Ex. 1).  Thus, the court is left

17   with no basis upon which to find that the OPR investigation was conducted pursuant to OPR's law

18   enforcement duties rather than OPR's duties to investigate allegations of misconduct which "would

19   jeopardize or undermine the agency's ability to perform its mission." (Doc. #15, Ex. 1, ¶ 8); *see also*

20   *Kimberlin*, 139 F.3d at 947 (stating that internal agency investigations conducted with the purpose

21   of supervising an agency's own employees do not give rise to an exemption under 5 U.S.C. §

22   552(b)(7)).

23   　　　　The United States further notes that plaintiff's complaint statement, which instigated the

24   OPR investigation, made clear references to criminal and civil misconduct.  (Doc. #38).  While this

25   document might have supported the United States' assertion that the OPR investigation was

26   conducted pursuant to OPR's law enforcement duties, the United States objected to this document

27   in response to plaintiff's motion for summary judgment, arguing that plaintiff had not properly

28

**James C. Mahan**
**U.S. District Judge**

1   authenticated this piece of supporting evidence.  (Docs. #33 and #38).  Further, the United States did

2   not present the court with an authenticated version of this document in its cross motion for summary

3   judgment.  (Doc. #34).  Thus, there is no authenticated version of the complaint statement currently

4   before the court.  The court cannot ignore this evidentiary defect for the purposes of the United

5   States' cross motion for summary judgment while simultaneously denying plaintiff's motion for

6   summary judgment based on his failure to authenticate his supporting evidence.

7        Accordingly, based on the evidence now before the court, the United States has failed to meet

8   its burden of establishing a "rational nexus" between the agency's law enforcement duties and the

9   document for which the exemption is claimed.  *Church of Scientology of California*, 611 F.2d at 748.

10   Therefore, the court is unable to find that the requested records were compiled for law enforcement

11   purposes.  *See* 5 U.S.C. § 552(b)(7).

12   **II.   Exemption 6: personnel and medical files and similar files the disclosure of which**

13   **would constitute a clearly unwarranted invasion of personal privacy**

14        The United States has also withheld many of the same requested documents pursuant to

15   exemption 6.

16        The standard for withholding under exemption 6 is higher than the standard under exemption

17   7(C).  *Iglesias v. Central Intelligence Agency*, 525 F. Supp. 547, 562 (D.C.D.C. 1981).  Exemption

18   6 excludes from FOIA requests "personnel and medical files and similar files the disclosure of which

19   would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  The

20   Supreme Court has defined "similar files" broadly as "detailed Government records on an individual

21   which can be identified as applying to that individual."  *United States Dep't of State v. Washington

22   Post Co.*, 456 U.S. 595, 602 (1982) (internal quotations omitted).

23        "[T]he text of the exemption requires the [c]ourt to balance the individual's right of privacy

24   against the basic policy of opening agency action to the light of public scrutiny."  *United States Dep't

25   of State v. Ray*, 502 U.S. 164, 174 (1991) (internal quotations omitted).  Thus, the exemption 6

26   analysis requires the court to "balance the public interests in disclosure against the privacy interests

27   that would be harmed by disclosure."  *Painting Industry of Hawaii Market Recovery Fund v. United*

28

**James C. Mahan**
**U.S. District Judge**

1   *States Dep't of Air Force*, 26 F.3d 1479, 1482 (9th Cir. 1994). Exemption 6 is less protective of

2   privacy than exemption 7(C), as exemption 6 only bars a disclosure that would constitute a "clearly

3   unwarranted" invasion of privacy. *United States Dep't of Defense v. Fed. Labor Relations Authority*,

4   510 U.S. 487, 496 n.5 (1994); *see also Iglesias v. Central Intelligence Agency*, 525 F. Supp. 547,

5   561 (D.C.D.C. 1981) (stating that exemption 6's "clearly unwarranted" language "tip[s] the scales

6   in favor of disclosure").

7       In the instant case, plaintiff seeks ROIs and related records prepared in response to a

8   complaint filed by plaintiff. These records contain "third party names, agent names, phone numbers,

9   identifying statements by a third party, including affidavits, exhibits, witness, and source statements

10  regarding an investigation into a third party." (Doc. #15, Ex. 1, ¶ 38). This type of information is

11  normally considered private. *See Painting Industry of Hawaii Market Recovery Fund*, 26 F.3d at

12  1482. Accordingly, the parties identified in the requested records have a "substantial" privacy

13  interest in nondisclosure of this information. *Id.*

14      "The sole cognizable public interest for FOIA is the interest 'to open agency action to the

15  light of public scrutiny,' to inform the citizenry 'about what their government is up to.'" *Odle v.*

16  *Dep't of Justice*, 2006 WL 1344813, at *7 (N.D. Cal. 2006) (quoting *Rosenfeld v. United States*

17  *Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995)). The instant case contains allegations of official

18  misconduct and retaliatory actions by three supervisory managers in the Federal Air Marshal Service,

19  which were investigated by OPR and resulted in the records at issue. The public interest in these

20  documents is strong because they would shed light on what the government is up to. *See Lissner v.*

21  *United States Customs Service*, 241 F.3d 1220, 1223 (9th Cir. 2001) (discussing public interest in

22  the exemption 7(C) context); *Castaneda v. United States*, 757 F.2d 1010, 1012 (9th Cir. 1985);

23  *Painting Industry of Hawaii Market Recovery Fund*, 26 F.3d at 1484.

24      After balancing the substantial privacy interest in nondisclosure of the requested information

25  with the strong public interest in disclosure, the court finds that the United States has not

26  demonstrated that disclosure of these documents "would constituted a *clearly* unwarranted invasion

27  of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). Exemption 6's "clearly unwarranted"

28

James C. Mahan
U.S. District Judge

- 7 -

1   language "tip[s] the scales in favor of disclosure." *Iglesias*, 525 F. Supp. at 561.  Therefore, the

2   United States has not established that it can withhold these documents pursuant to 5 U.S.C. §

3   552(b)(6)'s exemption for personnel and medical files and similar files.

4       Accordingly,

5       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Jeffrey

6   Black's motion for summary judgment (doc. #24) be, and the same hereby is, DENIED without

7   prejudice.

8       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States' cross

9   motion for summary judgment (doc. #34) be, and the same hereby is, DENIED without prejudice.

10      DATED August 2, 2012.

11

12   _____

13   **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 8 -