UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

P. JEFFREY BLACK,

        Plaintiff(s),

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

        Defendant(s).

2:10-CV-2040 JCM (VCF)

**ORDER**

Presently before the court is *pro se* plaintiff Jeffrey Black's motion for summary judgment. (Doc. # 66). Defendant United States Department of Homeland Security ("DHS") filed a response in opposition. (Doc. # 68).

Also before the court is DHS' cross motion for summary judgment. (Doc. # 69). Though the response deadline has passed, plaintiff has not filed an opposition.

**I.**     **Background**

Plaintiff brought this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, case to seek a report of investigation ("ROI") and related records that Immigration and Customs Enforcement's ("ICE") Office of Professional Responsibility ("OPR") prepared in response to a complaint filed by plaintiff. Plaintiff's complaint accused his supervisors at the Federal Air Marshal Service of misconduct.

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed his first FOIA request on October 4, 2007, seeking records related to OPR's investigation of his complaint. On November 7, 2007, ICE informed plaintiff that it had located 575 pages of responsive records. ICE produced 14 of these records in their entirety and 6 of these records in part to plaintiff. ICE withheld the remainder of the records, citing FOIA exemptions 6 and 7(C).

On December 7, 2009, plaintiff filed a second FOIA request, which sought similar information to the first FOIA request. ICE conducted a search for responsive records, and located 7 analog tapes, 3,316 pages of physical records, and 14 compact disks. Plaintiff filed the instant lawsuit while ICE was reviewing these records. ICE ultimately determined that it could release 273 of the records in full and 221 with redactions. ICE withheld the remainder of the records pursuant to FOIA exemptions 6, 7(C), and 7(E).

On October 31, 2011, plaintiff filed a motion for summary judgment. (Doc. # 31). On February 14, 2012, DHS filed a cross motion for summary judgment. (Doc. # 34). On August 2, 2012, the court issued an order denying both motions. (Doc. # 39). The court summarily denied plaintiff's motion for failure to authenticate evidence, and denied defendants' motion for failure to establish a rational nexus between DHS' law enforcement activities and the withheld documents. *Id.*

On July 31, 2013, the parties participated in a settlement conference in this matter. (Doc. # 61). After failing to reach a settlement, the parties stipulated to a briefing schedule regarding cross motions for summary judgment. Though the parties agreed that plaintiff would have through March 21, 2014, to file his response to DHS' motion for summary judgment, (doc. # 64), to date, no response has been filed.

**II.     Legal Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is

a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; Fed. R. Civ. P. 56(c).

**III.    Analysis**

    **A.    Plaintiff's motion for summary judgment**

In a summary judgment motion, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility . . . ." *Id.* (internal citations omitted). Unauthenticated documents "cannot be considered in a motion for summary judgment." *Id.*

In the instant case, DHS points out that, similar to his prior motion for summary judgment, plaintiff has failed to authenticate the evidence in support of his present motion.

Indeed, plaintiff has not authenticated the evidence supporting his motion for summary judgment. (*See* Doc. # 66). Without properly authenticated supporting evidence, the court cannot consider the instant motion for summary judgment. *See Orr*, 285 F.3d at 773. Accordingly, plaintiff's motion for summary judgment is denied.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### B. DHS' cross motion for summary judgment

FOIA "seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989) (quoting *EPA v. Mink*, 410 U.S. 73, 80 (1973)). The basic purpose of FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Id.* at 152.

The act "contains nine exemptions . . . which a government agency may invoke to protect certain documents from public disclosure." *Minier v. Central Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996). A district court "has jurisdiction to compel an agency to disclose improperly withheld agency records." *Id.* at 803. In other words, the district court has the power to compel disclosure of records that do not fall within an exemption. *Id.*

FOIA cases are generally addressed through motions for summary judgment under Federal Rule of Civil Procedure 56. *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). Pursuant to 5 U.S.C. § 552(a)(4)(B), the district court reviews the matter de novo to determine whether the information was properly withheld under one of the nine statutory exemptions. "The agency resisting disclosure of requested information has the burden of proving the applicability of an exemption." *Minier*, 88 F.3d at 800. The agency may meet this burden "by submitting a detailed affidavit showing that the information 'logically falls within one of the claimed exemptions.'" *Id.*

Here, DHS argues that it has properly withheld the requested information pursuant to exemption 7(C).

Any record withheld pursuant to exemption 7 must have been "compiled for law enforcement purposes." *Rosenfeld v. United Stated Dept. of Justice*, 57 F.3d 803, 808 (9th Cir. 1995). The government's burden under exemption 7 "is easier to satisfy than the burden for other" exemptions. *Id.*

An agency's investigation of its own employees is for law enforcement purposes "if it focuses directly on specifically alleged illegal acts, illegal acts of particular identified officials, acts which

- 4 -

could, if proved, result in civil or criminal sanctions." *Kimberlin v. Department of Justice*, 139 F.3d 944, 947 (D.C. Cir. 1998) (internal quotations omitted); *see also Church of Scientology of California v. United States Department of Army*, 611 F.2d 738, 748 (9th Cir. 1979). DHS must establish a "rational nexus" between the agency's law enforcement duties and the document for which the exemption is claimed. *Church of Scientology of California*, 611 F.2d at 748. Internal agency investigations conducted with the sole purpose of supervising an agency's own employees do not give rise to an exemption under 5 U.S.C. § 552(b)(7). *Kimberlin*, 139 F.3d at 947.

In the instant case, DHS has met its burden to establish a "rational nexus" between the agency's law enforcement duties and the withheld documents. *See Church of Scientology of California*, 611 F.2d at 748. DHS points to the declaration of Ryan Law, a deputy FOIA officer at ICE, asserting that this declaration demonstrates that the OPR documents are law enforcement records. (Doc. # 69-2).

The Law declaration specifically states that the records in this matter "were compiled pursuant to an OPR investigation into the alleged misconduct of an employee, and the investigation included interviews conducted by special agents, investigation exhibits, reports of investigation, disciplinary proceedings, and determinations about the substantiation of allegations, which were used in determining whether or not a referral for criminal prosecution was appropriate." *Id.*

Therefore, DHS has established that a rational nexus exists between its law enforcement duties and the withheld documents.

In addition, DHS correctly notes that plaintiff has not presented admissible evidence which demonstrates that an impropriety might have occurred in the investigation which would outweigh the privacy interest inherent in criminal investigation documents. *See National Archives and Records Administration v. Favish,* 541 U.S. 157, 174 (2004). DHS has produced evidence clearly stating that it withheld the documents in this matter in consideration of "the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity." (Doc. # 69-1).

. . .

    Thus, the court finds that release of this information would reasonably be expected to constitute an invasion of personal privacy, which would not be outweighed by disclosure of the information to the public. The court holds that DHS' withholding of these records pursuant to 5 U.S.C. 552(b)(7)(C) was proper.

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Jeffrey Black's motion for summary judgment (doc. # 66) be, and the same hereby is, DENIED.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that DHS' cross motion for summary judgment (doc. # 69) be, and the same hereby is, GRANTED. The clerk is instructed to enter judgment accordingly and close the case.

    DATED March 28, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -